## The T. L. Wadsworth.

*(District Court, E. D. New York.   June 26, 1882.)*

VESSELS AND BOATS—LIEN FOR SUPPLIES.

Where family supplies and hay and oats were furnished by a dealer in Buffalo on board a canal-boat lying up there for the winter, and the boat, having departed before the bills were paid and come into the eastern district of New York, was there libelled by the provision dealer, claiming a lien upon the boat as for maritime supplies, and it appeared on trial that the horses and man were employed at work on the streets of Buffalo, and that the captain of the boat had not ordered the supplies, nor the woman who owned the boat, and whose husband was so at work on the streets with his horses, *held*, that the supplies were furnished on personal credit, and no lien on the boat arose out of the transaction.

*Beebe, Wilcox, & Hobbs*, for libelant.

*L. R. Stegman* and *E. G. Davis*, for respondent.

BENEDICT, D. J.   The libelant cannot recover in this action for two reasons : *First*, The supplies in question were not ordered by the captain or the owner of the boat, but by David Hulsapper, husband of the master, and he, with his horses, was then employed in working on the streets of Buffalo for a contractor.   The articles sued for were purchased for the food of this man's family, the food of his horses, and the food of a man hired to drive the horses in the streets of Buffalo during the time when David Hulsapper was so employed on the streets.   They were not to enable the boat to earn freight, nor purchased for that purpose.   No lien upon the boat arises out of provisions and stores furnished under such circumstances.   In the *second* place, the bill sued for constitutes a part of an account of some $200, run up by David Hulsapper during the time he was working for the contractor upon the streets; and while it is no doubt true that these items were placed in a separate account and charged to the boat, the whole account was furnished with knowledge that the boat was not running, and that Hulsapper and his horses were working on the streets, and the attendant circumstances were such as to indicate with sufficient certainty that the articles sued for were furnished on the personal credit of David Hulsapper, as confessedly was the rest of the account.

The libel is therefore dismissed, and with costs.